BLD-136                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3757
_____

FERNANDO ARTURO HASBUN,
                                                    Appellant

v.

WARDEN MONMOUTH COUNTY CORRECTIONAL INSTITUTION;
CHRISTOPHER SHANAHAN, in his official capacity as New York Field Office
Director for Detention and Removal; JOHN T. MORTON, in his official capacity, as
Assistant Secretary of the U.S. Immigration and Customs Enforcement Agency;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 3-13-cv-01409)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 19, 2013

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: January 6, 2014)
_____

OPINION
_____


PER CURIAM

Pro se appellant Fernando Arturo Hasbun appeals from an order of the District Court denying his petition for a writ of habeas corpus. We will summarily affirm because the appeal does not present a substantial question.

Hasbun is a citizen of the Dominican Republic and a lawful permanent resident of the United States. In 2008, he pleaded guilty to a drug offense in state court and was sentenced to a term in prison. On July 25, 2012 – more than four years after he was released from prison, but before he completed his term of probation – Hasbun was detained pursuant to 8 U.S.C. § 1226(c), which requires detention without a bond hearing for aliens convicted of certain crimes. See Sylvain v. Att'y Gen., 714 F.3d 150, 154-55 (3d Cir. 2013). In March 2013, Hasbun filed a pro se habeas petition arguing that he was entitled either to release from detention or a bond hearing because the Government lost the authority to detain him under § 1226(c) when it did not do so immediately following his release from state custody. The District Court dismissed the petition, relying upon our decision in Sylvain. Hasbun appealed, and the Government seeks summary affirmance.[1]

The District Court had jurisdiction under 28 U.S.C. § 2241, and we have jurisdiction under 28 U.S.C. § 1291. In Sylvain, we held that immigration officials do not lose the authority under § 1226(c) to take an alien into mandatory detention even if

---

[1] Hasbun also filed a motion for a stay of removal, which we construed as a timely petition for review of a Board of Immigration Appeals decision rendered after Hasbun appealed the denial of his habeas petition. The petition for review was transferred to the United States Court of Appeals for the Second Circuit, the proper venue for the matter.

they do not do so immediately upon the alien's release from state custody.  See Sylvain,

714 F.3d at 161.  Hasbun has not presented any argument distinguishing his claim from

the one presented in Sylvain, nor do we perceive any distinction.  Therefore, the District

Court properly concluded that Sylvain controls the outcome of this case.

Accordingly, we will grant the Government's motion to the extent it seeks

summary affirmance of the District Court's order denying Hasbun's habeas petition.  See

3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

See 8 U.S.C. § 1252(b)(2).